`ANDREW E. WESTALL v. JOHN R. MARSHALL.

There can be no fixed rule as to costs on error for mere mistake of calculation, which might have been corrected below.

But where the judgment is by default, and the mistake is clear, and especially where execution issues, and the plaintiff makes no attempt to reform the judgment, the costs on error to this Court must be paid by defendant in error.

Error from Brazoria.

*P. McGreal*, for plaintiff in error.

*J. B. & G. A. Jones*, for defendant in error.

HEMPHILL, CH. J.   There is a manifest error in the judgment.   The petition alleges a balance due on a note, amounting to one hundred and fifty dollars and fifty-one cents, with interest at the rate of ten per cent., from the first day of January, eighteen hundred and fifty-four ; and the judgment is for three hundred and ninety-one dollars and twenty-five cents. This judgment was re-formed at a previous day of this Term, but the plaintiff in error was adjudged to pay costs, on the ground that the judgment might have been corrected with more convenience, and at less expense, by application to the Court below.   A motion has been made to modify this judgment, as to the costs, and that they be paid by the defendant in error, on the ground that there is no such equity as should relieve him, being the unsuccessful party, from the usual rule, of being mulcted in the costs.   We have examined, as far as possible, the previous cases in which mistakes have been corrected, by the record, in this Court, and are of opinion that under the circumstances, this motion should be sustained.   The judgment was by default, and the defendant below was perhaps not apprised of the error, until the issue of the execution.   The

judgment was entered, as may be presumed, under the inspection of the plaintiff, and the excess was glaring, the judgment being for more than double the amount alleged to be due in the petition. It was the duty of the plaintiff to have had the mistake amended, and not to have suffered execution to go out, the error being too flagrant to have escaped notice. In cases of this kind, there can be no fixed rule for the apportionment of costs; but where the judgment is by default, and the mistake is clear, and especially where execution issues, and the plaintiff makes no attempt to re-form the judgment, the costs on error to this court, must be paid by defendant in error, (6 Texas, 286.) And it is ordered, that the judgment entered at a previous day be set aside; and that the judgment of the District Court be reversed and re-formed at the costs of the defendant in error.

Reversed and re-formed.