Arnold v. Williams.

E. A. ARNOLD AND OTHERS V. J. H. WILLIAMS AND WIFE.

Where an affidavit is filed for the purpose of obtaining a new trial, alleging surprise on account of some evidence adduced on the hearing, the importance of such evidence cannot be determined without a statement of facts.

After a writ of error has been perfected, and the transcript delivered to the plaintiff in error, it is too late to enter a *remittitur* for an excess in the judgment to save costs.

Error from Titus. Tried below before Hon. W. S. Todd.

Suit by Williams and wife, to recover nine head of cattle, commenced in Justice's Court, where judgment was rendered in their favor for the value of the cattle, $63 and costs, amounting to $126 11. Removed to District Court by *certiorari*, where a like judgment was rendered. Plaintiff in error claimed the property as assets of the estate of Samuel Mc-Corry, deceased, of whose estate she was administrator, and as such had given bond in the sum of one hundred and twenty dollars.

Plaintiff in error moved for a new trial, and filed an affidavit in support of it, to the effect that she had been surprised by some of the evidence adduced by the defendants in error. Motion refused. There is no bill of exceptions or statement of facts in the case. Plaintiff in error and her sureties on her administration bond, against whom the judgment was also rendered, perfected their writ of error on the 15th January, 1858, and received the transcript on 5th April, 1858. On the 8th April, 1858, a remittitur was filed by the attorney of the defendants in error of so much of the judgment as exceeds the penalty of the bond.

*B. W. Gray*, for plaintiff in error.

*W. H. Johnson*, for defendant in error.

ROBERTS, J. There is no statement of facts or bill of exceptions. The error complained of is presented only by an affidavit, alleging surprise on account of some of the evidence adduced on the trial, filed for the purpose of obtaining a new trial.

The importance of that testimony cannot be determined in the absence of a statement of facts. If we are to presume that every thing was proved which was susceptible of legal proof, the case may have been fully made out, by other evidence than that by which the party was surprised. (Walling v. Kinnard, 10 Tex. R. 512 ; Hart. Dig., Art. 2930.)

After the writ of error had been perfected, and the transcript had been delivered to plaintiff in error, the defendant in error filed a remittitur, as to the sureties on the *certiorari* bond, for the amount of the judgment exceeding their bond. This was too late to have any effect upon the cost of the case. The judgment will be reversed and reformed as to the sureties, and affirmed as to principal.

Reversed and reformed.