A. V. CHRISMAN V. WILLIAM DAVENPORT AND ANOTHER.

A remittitur filed by the attorneys of the plaintiff of an excess in a judgment
by default, after the defendant had filed his petition and bond for writ of
error, does not cure the mistake of the judgment.

Error from Smith. Tried below before Hon. R. A. Reeves.
Judgment by default upon a note clearly excessive. After
plaintiff in error had filed his petition and bond to remove
the cause to the Supreme Court, the plaintiff below, by his
attorneys, filed a remittitur of the excess.

*Stephen Reeves*, for plaintiff in error.

*Selman & Hubbard*, for defendant in error.

ROBERTS, J. The judgment by default in this case was ex-
cessive, and after the petition and bond for writ of error had
been filed, and before the transcript was returned into this
Court, the counsel for plaintiffs below filed in the District
Clerk's office, in vacation, a remittitur of such excess, signed
by themselves as attorneys for plaintiffs. All which appears
in the transcript. Did that cure the error in the judgment?
The general doctrine is that a debt must be released by an in-
strument as solemn as that by which it is created. In pursu-
ance to that rule our Statute has provided for curing the er-
rors in certain bonds and in verdicts exceeding the demand
claimed in the suit, by filing in vacation a deed of release exe-
cuted by the party in whose favor the bond or judgment is
excessive. [(Hart. Dig. Art. 787.) Under this Statute the

error would be removed absolutely by filing the deed at any time before the cause was removed from the District Court. That Statute does not literally include a judgment by default. But if it should be held in its spirit to apply equally to an excess upon default as upon a verdict, then the release is not, by the plaintiffs' deed, as required by the Statute, and therefore they cannot claim that the act of their attorneys operated *ipso facto*, as a removal of all error from the judgment. It has been the practice of this Court to treat the release, of excess on a judgment, made by the party or his attorney of record, as equitably sufficient to protect the party against a collection of such excess ; and if it had been filed in this case before the defendant below was compelled to file his petition and bond for a writ of error to bring the case into this Court, defendant below would have had no good ground for bringing it here.

But after the defendant below had been thus compelled to take steps, onerous in their nature, to obtain what was then his rightful remedy, he should not now be visited with costs and damages for pursuing it.

Judgment is reformed and rendered at costs of defendants in error.

Judgment reformed and rendered.