MARTHA J. HOWE V. W. H. MERRELL AND OTHERS.

Judgment by default on a note was rendered on the 11th of August, 1871, for a greater sum than the principal and interest. Defendant filed her petition and bond for writ of error, on the 2d of January, 1872, which date was more than forty days prior to the first day of the assignment in the Supreme Court to which the case appertained. Citation in error issued the same day, but was improperly made returnable to the December term, 1872, of the Supreme Court ; and a defective service of this citation being made, the plaintiff in error (defendant below) sued out an *alias* on the 8th of February, 1872, at which date there were not forty days unelapsed before the assignment. The *alias* was also made returnable to the December term, 1872, and service of it was made on the day it issued, February 8th, 1872. Plaintiff in error filed the transcript in this court on the 9th of March, 1872, which was two days prior to the assignment to which the case appertained. Pending the assignment, the defendants in error appeared in this court by their counsel, and, waiving exceptions to the service of the citation, moved that the writ of error be dismissed for want of jurisdiction in this court, but if this motion should be overruled, then asked a hearing of the cause, and suggested delay,— it appearing by the record that on the 8th of February, 1872, and subsequent to the filing of the petition and bond in error, the defendants in error had entered in the district clerk's office a *remittitur* of the excess of the judgment. *Held,* that under the circumstances the defendants in error are entitled to submit the cause at the present term, and it is presumed to have been by a clerical mistake that the citations in error were made returnable to the succeeding term. *Held further,* that the suggestion of delay cannot prevail, inasmuch as the *remittitur* was not entered until after the filing of the petition and bond for the writ of error.

APPEAL from McLennan. Tried below before the Hon. J. W. Oliver.

The rulings being merely on questions of practice in this court, there is no occasion of any further statement of the facts than that given in the head-note.

*Flint, Chamberlin & Graham,* for the plaintiff in error.

*F. H. Sleeper,* for the defendant in error.

WALKER, J. One or two questions of practice are presented in this case.

Had the plaintiff in error perfected a proper service of the citation forty days before the assignment to which the case belongs was taken up, we should simply have affirmed the judgment without damages; and upon the authority of Chrisman *v.* Davenport, 21 Texas, 483, we would have taxed the costs in this court to the defendant in error.

The verdict and judgment in the District Court were in excess of the amount for which judgment should have been rendered; and the plaintiffs below entered no *remittitur* until after the adjournment of the court, and the defendant below had sued out a writ of error, and filed her *supersedeas* bond, to bring the case to this court.

The writ should have been returned to the December term of this court, for the year 1871; but, by what no doubt is a clerical mistake, it was made returnable to the December term, 1872. That term has not yet arrived, but the case is before us at the present term.

The defendants in error have appeared and briefed the case, and ask for a hearing at the present term, to which we think under all the circumstances they are entitled. But we cannot regard this as a delay case. The judgment of the District Court was erroneous, and the appellees did not file their *remittitur* of an excess of the judgments, in time to prevent the case being properly brought before us. Had the plaintiff in error in the first instance made the proper citation in error, and had it returnable to the proper term, she should have saved her costs in this court. But this she did not do, and we deem it but justice to the parties to affirm the judgment without damages; the appellees to recover their costs in this court and in the District Court.

Affirmed.