## J. D. NICHOLSON v. FRED ERDE.

*Practice.*—This court will recognize a release of excess on a judgment, made by a party or his attorney of record, as sufficient to prevent the collection of such excess.

Error from the District Court of Hunt county.

J. J. Mathews, for plaintiff in error; W. C. Jones, for defendant in error.

Ector, P. J.—The judgment of *nihil dicet* in this case is excessive. After the defendant had filed his petition and bond for writ of error, and before the transcript had been returned into this court, the attorney of record for the plaintiff filed in the district clerk's office, in vacation, a *remittitur* of such excess, signed by himself as attorney for plaintiff, all of which appears in the transcript.

It has been the practice of our Supreme Court to recognize the release of excess on a judgment made by a party or his attorney of record as sufficient to prevent the collection of such excess. We believe this is right and proper. If such a *remittur* had been filed in this cause before the defendant had filed his petition for writ of error, and given bond for writ of error to carry the cause to the Supreme Court, the defendant would have had no necessity or cause to have taken the case to the Supreme Court; but as this was not done until after the defendant had been compelled to take steps, onerous in their nature, to obtain what was then his rightful remedy, he should not now be taxed with cost for perfecting his writ of error.

This opinion is in exact accord with that in the case of Chrisman v. Davenport, 21 Texas, 483.

The judgment is reformed and rendered at costs of defendant in error.

Judgment reformed and rendered.