Opinion by
Will-son, J.
§ 117. Fraud; notice of; burden of proof; proof of findings of fact by judge. Appellants alleged fraud in the transfer of certain policies of insurance. There was positive evidence that the transfer was bona fide, for a valuable consideration, and without actual notice to 'the purchaser of any fraudulent intent on the part of the seller. Appellants contended, however, that the purchaser had constructive notice of such fraudulent intent, in that he had knowledge, or might have obtained such knowledge by the use of ordinary diligence, of facts sufficient to constitute such notice. The case was tried by the judge without a jury. Held, this was a question of fact to be determined by a consideration of all the evidence. There was evidence both ways bearing upon the-issue. It devolved upon appellants to establish the affirmative of the issue by a preponderance of evidence to the satisfaction of the judge, and the judge, like a jury would have been, was to determine as to the credibility of the witnesses, and his finding upon the facts has the same conclusive foi’ce as the verdict of a jury, and when it is not without evidence to support it, nor contrary to-the evidence, it will not be set aside on appeal. [W. & W. Oon. Eep. § 1219.] Fraud must be proved, and cannot be presumed. While it may be proved by circumstances,, still those circumstances must be strong enough to produce a reasonable conviction of its existence, and a bare-suspicion of its existence will not be sufficient.
§ 118. New trial; neivly discovered evidence. It is well settled that a new trial will not be granted on the ground1 of newly discovered evidence, whex-e the object of such evidence is merely to impeach the credit of a witness who testified upon the trial, nor where the evidence is merely *111 cumulative, nor where its production would not be likely to change the result on another trial. [R. R. Co. v. Forsyth, 49 Tex. 171; Scranton v. Tilley, 16 Tex. 182; W. & W. Con. Rep. §§ 598, 711, 1078, 1113.]
March 5, 1884.
Affirmed.