## T. RATTO & CO. v. ST. PAUL FIRE AND MARINE INSURANCE CO. AND J. D. McGREGOR, GARNISHEE.

### COURT OF APPEALS, GALVESTON TERM, 1884.

*Practice—Evidence.*—Where the cause has been tried before the judge without the intervention of a jury, his findings upon the facts will have the same force and effect before this court as would have the verdict of a jury.

*Same.*—And when the judgment rendered by the judge is not without evidence to support it, and is not against the evidence, it cannot be said to be clearly wrong, and will not for that reason be set aside on appeal (White & Willson Con. Reps, Sec. 1219.)

*Same.*—Fraud must be proved, and cannot be presumed, and while it may be proved by circumstances, those circumstances must be strong enough to produce a reasonable conviction of the existence of the fraud, and a bare suspicion will not be sufficient.

*New trial* will not be granted upon the ground of newly discovered evidence when the object of such testimony is merely to impeach the credit of a witness who testified upon the trial, nor where the evidence is merely cumulative, nor where its production is not likely to produce a different result.

Appeal from Galveston County.

*J. B. Stubbs,* for the appellants.

*G. P. Finlay,* for the appellees.

Opinion by Willson, J.

Appellants, T. Ratto & Co., brought suit in the county court of Galveston county, against F. W. Kachele, of Austin county on March 24, 1883, and on the same day sued out a writ of garnishment against the St. Paul Fire and Marine Insurance company. The said company filed an answer on the 11th of May, 1883, alleging that on Sept. 12th, 1882, they issued to F. W. Kachele, of Kenney, Austin county, Texas, a policy of fire insurance for $1500 for one year, on his certain stock of groceries and other goods, and on Nov. 27th, 1882, they issued to him another policy for one year for $185 on his store house in the said town of Kenney. That on March 18th, 1883, the building and stock of groceries insured under said policies were totally destroyed by fire, and the loss afterwards adjusted at $185 on the building and $1200 on the stock. That on March 19th, 1883, before the issuance or service of the writ of garnishment said policies were transferred and assigned by Kachele to J. D. McGregor, in the presence of S. M. Brewer, notice of which assignment had been given to the garnishee, and submitted to the court whether it was indebted to said F. W. Kachele under said policies and assignment, and asked that J. D. McGregor be cited to appear and interplead in the suit and defend his rights in said policies. Appellants, Ratto & Co. on June 13th, 1883, filed a supplemental petition praying that J. D. McGregor be made a party defrndant in the case, and the court on the same day entered an order making McGregor a party defendant. Appellants, Ratto & Co. on June 12th filed an affidavit, alleging that affiant has reason to believe and does believe that the answer of the garnishee is incorrect in this particular, to-wit : "in alleging a transfer and assignment of the policies described in said answer by said F. W. Kachele to J. D. McGregor, it not appearing from said answer, but that said assignment was duly and legally made, whereas, in fact, as affiant is informed and alleges, said transfer and assignment, if ever actually made or sought to be made, was colorable only, and was not supported by any good legal or sufficient considerations, but was fraudulent and void as to these plaintiffs. Defendant, J. D. McGregor, filed his answer on Nov. 19th, 1883, alleging that he is the legal and *bona fide* owner of the two policies of insurance set forth and described in the answer of the St. Paul Fire and Marine Insurance

company filed in this cause; and has been the legal and *bona fide* owner of the same since the 19th day of March, 1883; that heretofore to-wit, on the 19th of March, 1883, said F. W. Kachele, for the sum of $1505 to him paid by affiant, assigned and transferred said two policies of insurance to him, the said McGregor; that he denies that the transfer of said policies was colorable, fraudulent or void, and alleges that the same was made for a good legal and sufficient consideration, and that he did not know, nor have any reason to believe that the said F. W. Kachele was indebted to the plaintiffs or to any other person at the time of said transfer and assignment.

On the 19th of Nov. 1883, trial was had before the judge without a jury, and judgment rendered discharging the garnishee upon its answer with cost, and that defendant, J. D. McGregor, was the purchaser in good faith of the policies in question, and adjudging them to be the property of defendant, J. D. McGregor.

There are but two questions presented by the record, which we deem it essential to be determined on this appeal. First, is the judgment supported by the evidence; and, second, did the court err in overruling appellants' motion for a new trial ?

In answering the first question, we shall not recite the testimony. It is sufficient for us to remark, that there is positive evidence that the sale of the policies of insurance by Kachele to McGregor, was a *bona fide* sale, for a valuable consideration, and without actual notice on the part of McGregor, of any fraudulent intent on the part of Kachele, to hinder, delay or defraud his creditors. It is contended, however, by appellants that McGregor had constructive notice of such fraudulent intent, in this, that he had knowledge, or might have obtained such knowledge by use of ordinary prudence and diligence, of facts which were sufficient to put him upon inquiry, as to the intent of Kachele, in making the sale. This was a question of fact for the judge to be determined by a consideration of all the evidence before him. There was evidence both ways bearing upon the issue. It devolved upon the appellants to establish the affirmative of this issue by proof satisfactory to the mind of the judge, by a preponderance of evidence; and of the credibility of the witnesses who testified, the judge, as would have been a jury, was to determine his finding upon the facts of the case, has the same conclusive force as if it had been the verdict of a jury, and when such judgment is not without evidence to support it, nor against the evidence, it cannot

be said to be clearly wrong, and will not be set aside on appeal. (See Franklin v. Hardie & Co., White & Willson's Con. Rep., Sec. 1219, and various other cases referred to in the index of that work, under the word "Judge.")

In the case before us, in our opinion the judgment of the judge is not contrary to the evidence, but is supported by it. Fraud must be proved, and cannot be presumed. While it may be proved by circumstances, still those circumstances must be strong enough to produce a reasonable conviction of the existence of the fraud, and a bare suspicion will not be sufficient. We think the first question : "Is the judgment supported by the evidence ?" must be answered in the affirmative.

In answer to the second question, "Did the court err in overruling appellants' motion for a new trial?" we are of the opinion that it must be answered in the negative. The alleged newly discovered evidence was in no way material, except for the purpose of discrediting the testimony of Kachele. That Kachele sold the policies in Brenham instead of at the place he testified he sold them, could not affect in any way the validity of such sale, which was the only issue in the case.

It is well settled that a new trial will not be granted on the ground of newly discovered evidence, where the object of such testimony is merely to impeach the credit of a witness who testified upon the trial; nor where the evidence is merely cumulative, nor where its production would not be likely to change the result on another trial. Railway Co. v. Forsyth, 49 Texas, 171; Scranton v. Tilley, 16 Texas, 182; Davis v. Zunewalt, White & Willson's Con. Reps., Sec. 598; Wisson v. Baird, Id., 711; Wright & Bennet v. Miller & Knox, Id., 1078; Fort v. Cameron & Moore, Id., 1113.

We find no error in the judgment and it is affirmed.