New York Life Insurance Company v. Melville Cannon Herbert.

Decided December 5, 1907.

**1.—Remittitur—Practice on Appeal.**

On the filing in the Appellate Court of a remittitur of sums going to make up the judgment recovered below, which can be specifically determined and separated from the rest of the judgment and the recovery of which forms the only basis on which error is assigned, in this case of amounts assessed under article 3671, Revised Statutes, as statutory damages and attorney's fees for refusal to pay a life insurance policy without suit, it is within the discretion of the court to reform and affirm the judgment at cost of appellee instead of reversing and remanding it.

**2.—Same—Reformation and Remand—Affidavits as to Merits.**

Where the errors assigned, being cured by remittitur, required reformation and affirmance of the judgment, rather than reversal and remand, the court declined to make the latter order on affidavits filed in the Appellate Court to show that appellant had a good defense to the entire action which by accident and without his fault he was prevented from making in the court below. Appellant should have presented this matter by motion in the trial court, or by original action there after its adjournment.

Error from the District Court of Cooke County. Tried below before Hon. D. E. Barrett

*Locke & Locke* and *Jas. H. McIntosh,* for plaintiff in error.— In an action brought in Texas on a life insurance contract not made in Texas and not controlled by Texas laws, the Texas statute affords no reason for allowing attorneys' fees and damages to the plaintiff. Thompson v. Traders' Ins. Co., 169 Mo., 12, 68 S. W. Rep., 889; Louisiana & N. W. Ry. Co. v. Phelps, 70 Ark., 17, 65 S. W. Rep., 709; McBride v. Fidelity & Casualty Co., 37 S. W. Rep., 1091.

A default judgment which embodies error ought to be remanded upon reversal, unless it appears affirmatively to the court that the judgment will be just after the elimination of the error; whereas in the present case it appears affirmatively that when the error shall have been eliminated the judgment still will be grossly unjust. 3 Cyc., 431 and 454; Kuhlman v. Medlinka, 29 Texas, 385 (393); Houston & T. C. Ry. Co. v. State, 56 S. W. Rep., 228; Houston

& T. C. Ry. Co. v. Brown, 85 S. W. Rep., 44; Wiggins Ferry Co. v. Ohio & M. Ry. Co., 142 U. S., 396; Cohen v. Smith, 33 Ill. App., 344; Curtis v. Board of Supervisors of Brown County, 22 Wis., 167; Pavey v. American Ins. Co., 56 Wis., 221, 13 N. W., 925; Olcott v. Hanson, 12 Mich., 452; Buchanan v. Milligan, 108 Ind., 433, 9 N. E., 385; Smith v. Dukes, 5 Minn., 373.

*Cruce, Cruce & Bleakmore* and *Davis & Thomason,* for defendant in error.

LEVY, ASSOCIATE JUSTICE.—This was an action brought by Mrs. Melville Cannon Herbert against the New York Life Insurance Company, to recover upon a policy of insurance upon the life of her late husband. The company, though duly cited, did not appear and answer the suit, and a judgment by default was rendered against it on November 1, 1906, for the full amount of the policy of $5000, together with $500 as attorneys' fees and 12 percent of face of the policy as damages, and interest and costs of suit. The company by writ of error has brought the judgment so obtained to this court for revision, assigning as error the inclusion in the judgment of the $500 as attorneys' fees and the $600 as damages. The company filed its supersedeas bond on February 2, 1907, and sued out a writ of error and served the same on the same day. On the 4th day of February, 1907, the attorneys for Mrs. Herbert filed a remittitur for her attorneys' fees and damages so recovered in the judgment, with the clerk of the District Court. The plaintiff in error filed its assignment of error February 5, 1907, complaining of the inclusion of the attorneys' fees and damages in the judgment. The District Court adjourned its regular term on December 31, 1906, and there was no term of the District Court when Mrs. Herbert filed the remittitur, but the District Court was in vacation between its regular terms in that county. The defendant in error files in this court the following: "Now comes Melville Cannon Herbert and confirms the remittitur filed by her in the court below, and says she does not now claim, and has not claimed, anything as damages and attorneys' fees since the filing of said remittitur in the lower court."

The plaintiff in error also files a motion in this court to remand this case to the District Court for a new trial, instead of reforming the judgment, in the event this court shall find error in the record, which motion was ordered to be submitted in connection with the merits of the case. This motion is in the nature of an original motion setting up facts in this court in the first instance, and has attached to it affidavits and written exhibits as evidence of the facts alleged in the motion. It is founded upon averments that (1) the plaintiff in error had a defense perfectly good in law and morals to the cause of action sued upon, and that the judgment is unjust, and (2) that the failure of the plaintiff to set up its defense in the District Court was due to an accident of such character as that this court in the exercise of its discretion ought to give it opportunity to be heard upon the merits of the case, and (3) that a default judgment which embodies error ought to be remanded upon

reversal unless it appears affirmatively to the court that the judgment will be just after the elimination of the error; whereas in the present case, if the facts alleged in the motion be taken and considered, it appears affirmatively that when the errors shall have been eliminated the judgment will be grossly unjust.

Considering, in its order, first, the contention arising from the petition for error: Plaintiff in error contends there was error in rendering judgment for the plaintiffs against the defendant company for the damages and attorneys' fees, because the petition in the District Court does not allege (1) that the defendant company in the contract of insurance expressly promised to pay such damages and attorneys' fees, or (2) any facts surrounding the making of the contract that would indicate that the policy sued upon was issued in the State of Texas or to a citizen of Texas or that it was payable in Texas or that for any reason whatsoever it was subject in any respect to the laws of Texas to make art. 3071, Rev. Stats., form a part of the contract of insurance, or (3) such facts as to subject it to the laws of some other State whose statutes provided for the recovery of damages and attorneys' fees. That it was incumbent upon the plaintiff to allege in proper form the existence of some of these facts to justify the prayer for the recovery of attorneys' fees and damages, and for this failure the case should be reversed and remanded. The defendant in error replies to this contention and says, among other things, that the portion of the judgment for attorneys' fees and damages complained of having been remitted and relinquished before the assignments of error complaining of the same was filed, the error, if any, has been cured, and the plaintiff in error has already secured the relief which it seeks and has no just cause to complain; and the judgment should therefore be reformed and affirmed less the remittitur.

It might be contended in a given case that there is legal authority for entering a remittitur of a part of a judgment in vacation of the court rendering the judgment. Art. 1355, Rev. Stats. It might be contended in a given case that the release of a portion of the judgment by a plaintiff in execution is equitably sufficient to protect a defendant in the execution against a collection of such portion of the judgment so remitted under the statute. Chrisman v. Davenport, 21 Texas, 483. But according to the record the remittitur in the court below was filed too late to prevent this case being properly before this court. The Court of Civil Appeals had acquired jurisdiction of the review at the time the remittitur was filed. Arnold v. Williams, 21 Texas, 413; Chrisman v. Davenport, 21 Texas, 483; Howe v. Merrell, 36 Texas, 319; Pearce v. Tootle, 75 Texas, 148. However, the defendant in error files, in this court, a relinquishment of the portion of the judgment complained of and submits the same to this court along with his submission of the case. We are of the opinion that the defendant in error can, of her own volition as she has elected to do, make the remittitur in this court. Ft. Worth & D. C. Ry. v. Measles, 81 Texas, 478. Art. 1024, Rev. Stats.

The three several sums going to make up the judgment in this case, as shown by the face of the judgment, can be specifically determined and separated from each other, and consequently any portion of the judgment claimed to be in excess of the amounts warranted by the averments in the petition can be released or remitted by striking therefrom any distinct or particular item and then leave the balance a certain, fixed and distinct item or sum as it was before the remittitur of any distinct item was entered. Thomas v. Womack, 13 Texas, 585. The elimination of the error by the remittitur would appear to direct the course of this court, in a wise exercise of our power, to permit the remittitur and to exercise our power to reform the judgment at the cost of the defendant in error. To reform the judgment in accordance with a remittitur and then affirm less the remittitur is the exercise of a power to reform with the consent of the prevailing party. 25 S. W. Rep., 451. It is the proper and wise exercise, in our opinion, of judicial discretion to reform and affirm, instead of remand, an error based solely in the record on the ground of excessive amounts in a judgment, because a remittitur of the excessive amounts is a complete answer to the embodied error for a new trial. It is also in contemplation of the statute. Art. 1029a, Rev. Stats. The practice of the appellate courts in this State has been uniformly to reform and affirm, instead of to remand, these remittitur cases where the errors embodied in the judgment complained of are removed by the consent of the prevailing party and his relinquishment is made of that portion of the judgment claimed to be error by reason of excess of an amount warranted by the averments in the petition, and where the remainder of the judgment is not complained of as excessive of the averments or found to be otherwise error from the record itself and where the remainder of the judgment not complained of is not necessarily permeated with the unwarranted excess or in some way vitiated thereby. International & G. N. Ry. v. Overton, 34 S. W. Rep., 165; Ft. Worth & D. C. Ry. v. Measles, 81 Texas, 474; Ft. Worth & D. C. Ry. v. Viney, 30 S. W. Rep., 252; Arnold v. Williams, 21 Texas, 413; McDonald v. Grey, 29 Texas, 80; Chrisman v. Davenport, 21 Texas, 483; Howe v. Merrill, 36 Texas, 319; Pearce v. Tootle, 75 Texas, 148. The exercise of this authority and power to proceed to render judgment either reforming and affirming or reversing and rendering or remanding has, in the cases, been on the record made in the court below, and the authority has not been exercised, in the cases, upon facts other than those made in the record below. Such practice comports with an orderly and proper practice for a court intended as a court of appeal for cases tried in trial courts of original jurisdiction. We are not inclined, therefore, because cases are default cases any the more to arbitrarily amplify the limits of practice on appeal, but rather to confine to the practice and procedure of this State as are authorized and allowed in such cases.

If we could look to the facts as they are set up in the motion of the plaintiff in error which were submitted for our consideration along with the record in this case, but as an independent motion,

to have us reverse and remand the error, we are not prepared to say that it would not show a good and sufficient plea in defense of the suit in a trial on its merits, nor are we prepared to say that the facts stated in the motion would altogether show a good and sufficient reason for the defendant company's not appearing and presenting a defense in the District Court. This motion would show from the facts alleged therein that when this suit was instituted a citation was duly issued and served upon the company's legal agent at Gainesville, which was in all things in due and legal form and within a proper and reasonable time before the session of the court. The agent forwarded the citation in the regular course of business to the company's general agent at Ft. Worth, who in turn sent it immediately to the home office of the defendant company in New York City; there the citation got properly into the hands of the superintendent of the division of policy claims of the company. Upon receipt of this citation it was the superintendent's duty to investigate the records and to ascertain why the claim sued upon had not been paid and then to transmit the citation, with a statement of the information gained by him from the records, to the legal department of the company. The superintendent is a very busy man, and the citation reached his department at a time when his desk was full of work, and he was unable to make the necessary investigation on that day. For this reason he laid the citation aside for attention the following morning, and placed it for that purpose in a safe not generally used for keeping current papers. When the next morning came he forgot all about the citation; and having no occasion to go to that safe, he never thought of the matter until the attorneys for Mrs. Herbert wrote him a letter stating that a judgment by default had been taken against the company and the payment of the judgment was requested.

If the plaintiff in error had any valid defense to the suit and any legal or equitable excuse for not appearing and making it in the District Court, it could have sought the remedy in the District Court which rendered the judgment either by motion, or after adjournment of the court by original proceeding, and if not satisfied with the result of the application then could have appealed to this court and had reviewed the judgment thereon of the trial court. We are of the opinion that in the exercise of a wise and proper judicial discretion we are without the right, looking to the record of this case, to consider the matters set up in this motion, but should consider the case as the record presents the same.

The judgment is ordered reformed and affirmed less the remittitur, with costs of this appeal against the defendant in error.

*Reformed and affirmed.*

Writ of error refused.