GALVESTON, H. & S. A. RY. CO. v. CRAIG-HEAD. (No. 421.)

(Court of Civil Appeals of Texas. El Paso. May 29, 1915.)

1. APPEAL AND ERROR ☞1140 — REVIEW — VERDICT — EXCESSIVENESS — REVERSAL — STATUTE.

Rev. St. 1911, art. 1631, provides that where the Court of Civil Appeals shall be of opinion that the verdict and judgment of the trial court is excessive, and for that reason only there should be a reversal, it shall be the duty of the court to indicate to the party in whose favor such judgment was rendered, or his attorney, the amount to be remitted, and, if such remittitur be filed, the judgment shall be reformed and affirmed in accordance therewith, and, if not, reversed. A judgment was reversed without the Court of Civil Appeals indicating the excess in the verdict, and on rehearing the appellee contended that such action was erroneous. Held, that the statute precluded the court from reversing and remanding only where the reversal was for excessiveness in the verdict and judgment alone, and that where the amount was so outrageously excessive as to show that the verdict was the result of passion, prejudice, or other improper influence, whereby the jury was prevented from giving fair consideration to the primary issue of liability, and was led to allow an excessive amount of damages, the statute did not preclude the court from reversing and remanding, without giving opportunity for a remittitur.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4462–4476; Dec. Dig. ☞1140.]

2. DAMAGES ☞228 — VERDICT — EXCESSIVE-NESS—REMITTITUR.

Where the verdict was so outrageously excessive as to show that passion or prejudice must have hindered the jury from fairly consid-

ering the evidence to determine the primary question of liability, the action of the trial court in requiring a remittitur of $1,500 did not cure the vice.

[Ed. Note.—For other cases, see Damages, Cent. Dig. §§ 576–579; Dec. Dig. ☜228.]

3. APPEAL AND ERROR ☜750—ASSIGNMENT OF ERROR—SPECIFICATION OF ERROR—EXCESSIVENESS OF VERDICT.

Where an assignment of error read, "The verdict of the jury clearly shows it is the result of prejudice and passion, and is not the result of dispassionate deliberation," being supported by the proposition, "Where the amount of an excessive verdict evinces a disregard of the evidence by the jury, and shows that prejudice influenced their verdict, it is error for the court to allow a remittitur, but the verdict should be set aside," the assignment of error was sufficient to raise the question whether it was proper to reverse without a remittitur.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3074–3083; Dec. Dig. ☜ 750.]

Appeal from District Court, Presidio County; W. C. Douglas, Judge.

On motion for rehearing. Denied.

For former opinion, see 175 S. W. 453.

Beall & Kemp, of El Paso, and Baker, Botts, Parker & Garwood, of Houston, for appellant. Belcher & Sutton, of Marfa, and Jones & Thurmond, of Del Rio, for appellee.

HARPER, C. J. Counsel for appellee have filed an able motion for rehearing, and insist that under the provisions of article 1631, R. S., this court has no authority to reverse and remand this case for the error indicated in the original opinion; that we could only indicate to appellee the amount of the excess in the verdict and judgment, and require a remittitur thereof as a condition of affirmance.

[1] The statute noted provides that in cases where this court shall be of the opinion that the verdict and judgment of the trial court is excessive, and for that reason only, said cause should be reversed, then it shall be the duty of the Court of Civil Appeals to indicate to the party in whose favor such judgment was rendered, or his attorney, the amount of the excess and time within which remittitur thereof may be filed, and, if such remittitur be so filed, the judgment shall be reformed and affirmed in accordance therewith, and, if not, reversed.

It is apparent that we are precluded from reversing and remanding in such cases only where we are of opinion that the verdict and judgment is excessive, *and for that reason only* the cause should be reversed. If, in addition to the allowance of excessive damages, the verdict was otherwise improperly influenced by passion, prejudice, or other improper motives, then we think it clear that the statute does not preclude a reversal and remand of the cause. Railway Co. v. Syfan, 91 Tex. 562, 44 S. W. 1064; Railway Co. v. Swann, 127 S. W. 1164; Insurance Co. v. Herbert, 48 Tex. Civ. App. 95, 106 S. W. 421; Railway Co. v. Nicholson, 57 S. W. 693.

In this case we are of the opinion that under the facts the amount of the verdict was so grossly and outrageously excessive as to clearly show that it was the result of passion, prejudice, or other improper influence operating upon the mind of the jury, whereby it was: (1) Prevented from giving fair and impartial consideration to the primary issue of liability vel non, resolving this phase of the case against defendant without due consideration, and (2) led to allow an excessive amount of damage in compensation for the plaintiff's injury. In such a case, it is the opinion of this court that the statute does not preclude it from reversing and remanding. Railway Co. v. Kellogg, 172 S. W. 180.

[2] The trial court required a remittitur of $1,500, which was entered, but under the view which we have of the case the vice in the verdict was not cured thereby. For this reason it was not deemed necessary to mention the remittitur in the original opinion. It is urgently insisted that the assignments of error are insufficient.

[3] The sixth assignment reads:

"The verdict of the jury clearly shows it is the result of prejudice and passion and is not the result of dispassionate deliberation."

It is supported by this proposition:

"Where the amount of an excessive verdict evinces a disregard of the evidence by the jury and shows that prejudice influenced their verdict, it is error for the court to allow a remittitur but the verdict should be set aside."

This we deem sufficient to raise the question upon which our decision is based.

The motion for rehearing is overruled.