## THOMPSON v. CLEMENT et ux.

### No. 11859.

Court of Civil Appeals of Texas. Galveston.

Rehearing Denied May 22, 1947.

Raymond A. Cook, T. A. Slack and Andrews, Kurth, Campbell & Bradley, all of Houston, for appellant.

Helm & Jones, Shirley M. Helm, and Albert P. Jones, all of Houston, for appellees.

CODY, Justice.

This was an action by the parents of Thelma Clement, an eighteen year old girl, for her death, resulting from a collision of one of defendant's interurban cars, upon which she was riding, and a truck,— the action further sought to recover, as deceased's heirs, for her pain and suffering before she died. The collision occurred at a highway crossing near Coady on May 22, 1945, about 9:30 p. m. During the trial defendant stipulated that deceased's death resulted from the accident; but the question of liability for causing the accident was left to be determined by the trial.

All special issues were answered in favor of plaintiffs, and the verdict returned by the jury was found by the court to be excessive by $5,000. After plaintiffs filed a remittitur in that sum the court rendered judgment for them for $12,500.

Defendant predicates its appeal · upon three points which it groups together for discussion. By a counter-point plaintiffs assail the requirement of the remittitur. Defendant's three points are:

1. The court erred when, after being requested to do so, it failed to instruct the jury not to consider plaintiffs' counsel's statement to the jury in the opening argument that the responsibility of representing plaintiffs would shift from his to the jury's shoulders after his arguments were concluded, and would not by them be taken lightly.·

2. The finding of the jury in answer to special issue No. 12, that the truck which was involved in the collision did not have its lights off, is so contrary to the evidence as to show the jury was influenced by improper motives.

3. The jury's answer to special issue No. 13, that the driver of the truck did not fail to keep a proper lookout, is so contrary to the evidence as to show the jury was influenced by improper motives.

Opinion

We must overrule point 1. We find the argument to have been reasonably susceptible of having an innocent meaning. As appears from defendant's bill of exception, while plaintiffs' counsel was in the opening phase of his argument to the jury, the following took place:

"Mr. Helm: Now, Gentlemen, I further told you when we first met together here in Judge Moore's court that I had the responsibility of representing a mother and father who have lost a daughter. That responsibility has not been taken by me lightly; ·that responsibility that shifts when these arguments are ended to your shoulders will not be taken by you lightly or casually—

"Mr. Slack: If the court please, I object to that as being highly improper and prejudicial argument to the jury and re-

quest that they be advised by this court that it is prejudicial.

"The Court: Overrule that objection, so far.

"Mr. Helm: Gentlemen, Mr. and Mrs. Clement live in the neighboring village of Highlands, Texas" etc.

The practice is rather hackneyed, not to say shop-worn, for an attorney in addressing a jury to express self-satisfaction with the manner in which he has represented his client in the trial, and then voice his confidence that the jury, in the performance of their duty, will attain his high standard. Plaintiffs' counsel contend that the portion of the argument assailed as objectionable was merely intended to impress upon the jury the seriousness of their duty. The part of the argument here attacked as objectionable is divided into two parts by a semicolon, thus: (a) "That responsibility has not been taken by me lightly"; (b) "that responsibility that shifts when these arguments are ended to your shoulders will not be taken by you lightly or casually—." It is clear that the portion (a) relates back to what preceded. It is equally clear that the portion (b) is reasonably subject to the construction that it was spoken in contrast to the portion (a).

Indeed, for the argument to bear the meaning fixed to it by the defendant, unequivocally, the second "that" in (b) would have to be eliminated, and an "and" inserted, after the word "shoulders" causing (b) then to read: "That responsibility * * * shifts when these arguments are ended to your shoulders [and] will not be taken by you lightly or casually—."

It may be granted that plaintiffs' attorney was somewhat unfortunate and maladroit in the expression he used, if it was so used, to impress upon the jury the seriousness of their duty in considering their verdict. The Judge's ruling on defendant's objection—"Overrule that objection, so far" —reflects that he thought so too. But as for that matter, defendant's choice of language was insufficient to apprise the court or counsel what was the objectionable character of the argument. His objection came to this, "I object because the argument is objectionable."

We have no doubt that an argument may so clearly portray misconduct on the part of the counsel making it, and its meaning may be so unequivocal, and its objectionable character so unmistakable, that the judge's duty to charge the jury not to consider it would be invoked by an objection to it in general terms. Plaintiffs' counsel did not here tell the jury in unmistakable terms that the duty of representing his clients would devolve upon them at the close of the argument. To have done so would have involved a grave risk. Not the risk, as we think, of misleading the jury as to their duty. For we cannot be readily persuaded that any juror would not have known better. But the risk of losing credit with the jurors for what they would have recognized as a brazen attempt to mislead them.

■ If an argument is so confused or ambiguous that it will bear two meanings, one that is harmless, and one that is harmful, or intended to be, or tending to be prejudicial, it is the duty of counsel, in objecting to such argument as prejudicial, or otherwise objectionable, to point out its prejudicial or objectionable character. The opposing counsel has a right to know what is charged against him as misconduct in argument, so that he could explain it, or correct it, or withdraw it. See Ramirez v. Acker, 134 Tex. 647, 138 S.W.2d 1054. It is certainly no part of an attorney's duty to place the most charitable construction that it will bear upon his opponent's argument. But any evil connotation which an argument will reasonably bear will be held to have been waived by a general objection unless the prejudicial connotation is the only one the argument would reasonably bear. Upon proper objection to an argument, which is ambiguous and which could reasonably be construed as prejudicial or otherwise objectionable, it would be the duty of the trial court to instruct the jury not to consider the same in its objectionable sense.

■ Defendant complains by its points 2 and 3 of the jury's answers to special issues Nos. 12 and 13 as being so contrary to the evidence as to show the jury was influenced by improper motives. Such spe-

cial issues submitted the defenses which defendant affirmatively pled as being the sole proximate cause. Special issue No. 12, as answered by the jury, found: that the driver of the truck, which was involved in the collision, did not approach the railroad crossing with the truck's lights either out, or burning so dimly as not to be readily observable. Special issue No. 13, as answered by the jury, found: that the driver of the truck did not fail to keep a proper lookout for the interurban car as he approached the crossing.

It is our duty to indulge every reasonable presumption in favor of the verdict and the action of the trial court thereon. If we should find the verdict so contrary to the preponderance of the evidence that it ought not to stand, it would become our duty to award a new trial. Pecos & N. T. Ry. Co. v. Welshimer, Tex.Civ.App., 170 S.W. 263. The test here is, "Is the evidence reasonably sufficient to satisfy the mind of the truth of the allegations" of defendant's affirmative defenses? See Houston & T. C. Ry. Co. v. Schmidt, 61 Tex. 282. We have painstakingly examined the statement of facts. So far as the evidence relates to the issues of negligence, whether the issues were submitted in support of plaintiffs' allegations or defendant's, we are unable to hold the answers of the jury to the special issues were against the great preponderance of the evidence.

■ It would unnecessarily lengthen this opinion to set out the evidence in detail. If the jury believed the testimony of the motorman, and of another employee of defendant who testified for defendant and who was described as "deadheading" at the time of the accident, they would have had to reject the conflicting evidence of plaintiffs' witness. Plaintiffs' said witness was shown to have worked for the same employer as plaintiff Gaston Clement for twelve years, and was seated three seats back of the motorman. He appears to have been under the erroneous impression that there were three notches on the "controller", whereas there seems to have been eight notches. So far as we can see there is nothing inherently improbable in this witness' testimony. A statement of the deceased had been taken by defendant's claim agent, and was introduced by defendant at the trial. Its tenor was corroborative of the motorman's testimony. Upon cross-examination of plaintiff Gaston Clement it was brought out that Miss Clement called the claim agent's attention to some errors contained in the statement, the nature of which the witness could not then recall, and was assured that same would make no difference. Neither can we say, after a careful reading of the testimony of the driver of the truck, that there was anything inherently improbable in his testimony. A deputy sheriff testified that the driver had been drunk the afternoon of the day the collision occurred, and held in a hospital for treatment, but he denied this and other matters to which the deputy sheriff testified. Under all the circumstances of the case we are unable to say from the evidence that the jury's findings on the issues submitted to them showed they were influenced by improper motives.

■ We agree with the trial Judge that the verdict awarding damages was excessive. But an award of excessive damages alone is not a basis for setting aside the verdict on special issues, where the verdict on the special issues is not against the great preponderance of the evidence. See generally Galveston, H. & S. A. Ry. Co. v. Craighead, Tex.Civ.App., 175 S.W. 453, and opinion on rehearing, Tex.Civ. App., 175 S.W. 1199. We overrule points 2 and 3.

■ We have carefully considered the evidence bearing on plaintiffs' counterpoint, assailing the remittitur required by the trial court to be filed, and seeking, under Rule 328, Texas Rules of Civil Procedure, a reformation of the judgment to restore to the award of damages the sum of $5,000. We find that, under the evidence, the court was warranted in requiring the remittitur. We overrule plaintiffs' counter-point.

There being no reversible error, and no sufficient basis for reforming the judgment being shown, the judgment is affirmed.

Affirmed.