William PARISH, Individually and d/b/a Parish Boarding & Riding Stables, Appellant,

v.

Mary Ann DEE, by Next Friend, Appellee.

No. 7085.

Court of Civil Appeals of Texas.

Texarkana.

Feb. 2, 1960.

Rehearing Denied Feb. 23, 1960.

Sam W. Davis, Houston, for appellant.

E. P. Dee, Houston, for appellee.

PER CURIAM.

The Supreme Court remanded this case for the question of remittitur to be determined. Tex., 327 S.W.2d 449.

A jury awarded the appellee damages of $2,750 and as a prerequisite to overruling appellant's motion for new trial, the trial judge ordered a remittitur of $950. Ap-

pellee complied with the order but now seeks a review of its propriety.

The trial court's order may be reversed by this court only if from the whole record it is found the remittitur is manifestly unjust and an abuse of the discretion lodged in such court by Rule 328, Texas Rules of Civil Procedure. Thompson v. Clement, 202 S.W.2d 341 wr. ref., n. r. e.; Adams v. Houston Lighting & Power Co., Tex., 314 S.W.2d 826; Phoenix Refining Co. v. Morgan, Tex.Civ.App., 178 S.W.2d 175 wr. ref., w. o. m.; Flanigan v. Carswell, Tex., 324 S.W.2d 835.

Under the rule pronounced in the Flanigan case the trial court was required to exercise sound judicial discretion in determining reasonable compensation. for the injury suffered by the appellee, and this court is under a duty to allow the order of remittitur to stand unless from the entire record it finds the remittitur to be manifestly unjust. The record must be judged on this basis.

Mary Ann Dee was a child 12 years of age at the time of her injury. She, her mother and her dentist were the witnesses testifying to her injuries. These are the substantial facts developed: When Mary Ann was thrown from the horse she received scratches about the face and one permanent tooth was lost and another broken; her body was sore all over. She apparently was unconscious for two days, having no recollection of events until the second day after injury. The first day she had no reflex action and during the time she was unconscious she moaned intermittently. On regaining consciousness she had a headache and her eyes hurt. Her vision seemed to blur and her eyes failed to focus. She missed two weeks of school. At trial time some two years after injury, she stated that she had headaches every once in a while; and when she concentrates her eyes hurt and her head "goes bang." She has worn glasses since injury but did not before. She has

trouble remembering things she reads. Her mother thinks she is not as alert and bright as she was before injury and that Mary Ann has trouble studying. The broken tooth should have a jack crown when she is 17 or 18 years of age. As she advances in age replacements for the lost tooth will have to be made possibly as many as four or five times.

These facts indicate that considerable pain and suffering was endured and that Mary Ann is not entirely free of it now. Some pain and deterioration of proper mental and eye function since injury has occurred and will continue in the future, accompanied by the expense and disability inherent in the injury to the two permanent teeth. From this record this Court is unable to say that the remittitur ordered by the trial judge is manifestly unjust and that his ordering it was an abuse of the discretion lodged in him.

The judgment of the trial court is affirmed.