R. G. WHITE ET AL. v. ELIZA GLOVER.

Decided December 13, 1902.

**1.—Remitter—Damages—Error Cured.**

A remitter of the amount recovered as exemplary damages cures any error in the charge as to such damages.

**2.—Same—Time of Filing—Costs of Appeal.**

Where the remitter is filed below in vacation on the same day the appeal bond is filed and after the statement of facts has been prepared and notice of appeal given, the costs of the appeal will be adjudged against the appellee, notwithstanding an affirmance of the judgment because of the remitter.

Appeal from the County Court of Waller. Tried below before Hon. John M. Pinckney.

*Tomkins, McDade & Harvey,* for appellant.

*H. M. Browne* and *W. J. Poole,* for appellee.

GILL, ASSOCIATE JUSTICE.—This suit was brought by appellee against appellants, R. G. White and Thomas Johns, to recover damages for the alleged conversion by defendants of certain horses, cattle, and other personalty belonging to appellee. A trial by jury resulted in a verdict and judgment for appellee against appellant White for $120 actual and $30 exemplary damages, and against Johns for $90. From this judgment both defendants have appealed.

There are but two assignments of error, one assailing a portion of the charge of the court on the question of exemplary damages, and the other assailing a portion of the charge bearing upon the question of liability generally. We shall not discuss either. The second is without merit. The first is perhaps meritorious, but the error, if any, has been cured by a remitter of the amount recovered as exemplary damages.

The remitter, however, was not filed in this court, but in vacation in the lower court under Rev. Stats., art. 1355, after the motion for new trial had been overruled and notice of appeal given, statement of facts prepared and filed, and on the same day the appeal bond was filed. In neither article permitting errors to be cured by remitter is there any provision controlling the disposition of costs accruing by reason of the efforts of the injured party to protect himself against the error by motion for new trial or afterwards by appeal.

The statute permits the remitter to be made in open court at the term at which the judgment was rendered, or in vacation, or in the appellate court. If the remitter is filed in the appellate court, the cause must be affirmed, no other reversible error appearing, but we understand the correct practice to be to adjudge the costs against the appellee, notwithstanding the affirmance. Any other course would be manifestly unjust, for in such case the appeal was justifiable until the remitter was filed. In the case at bar, had the remitter been filed in open court as the law

permitted, there might have been no appeal, and thus all costs chargeable to this error would have been avoided. This puts the appellee in the present case in the attitude of being responsible for all the costs incurred by appellant White in protecting himself against the error. As long as appellee refused to abandon the error, so long must the appellant have been diligent in perfecting his appeal. It seems to be the general rule that in order to save costs on appeal the remitter must be filed before appellant has taken steps onerous in their nature to avoid the effect of the error. Cheiseman v. Davenport, 21 Texas, 483; Arnold v. Williams, 21 Texas, 413; Pearce v. Tootle, 75 Texas, 148.

The filing the remitter on the day the appeal bond was filed did not suffice to arrest the appeal, for the costs accruing on appeal could not be adjusted by the court below with reference to the remitter filed in vacation, since the judgment had passed beyond his control.

The judgment is therefore affirmed, less the amount remitted, and the costs of the appeal are adjudged against appellee.

*Affirmed.*