### W. R. BLAIN ET AL. v. PARK BANK & TRUST COMPANY.

Decided June 6, 1906.

**1.—Correction of Judgment.**

There can be no question as to the power of a trial court in this State to correct its judgment as to an error in the calculation of the amount thereof at any time prior to action by the Appellate Court upon the judgment.

**2.—Taxing Costs—Failure to Complain in Trial Court.**

It not appearing that anything was done in the trial court by defendant to have certain costs taxed against the plaintiff, the matter will not be considered by the Appellate Court.

Error from the County Court of Jefferson. Tried below before Hon. D. P. Wheat.

*Blain, Howth & Adams,* for plaintiffs in error.—After an appeal or writ of error has been perfected the lower court loses jurisdiction over the suit, and the judgment must be corrected and excess remitted in this court. Rev. Stats., art. 1024; Pearce v. Tootle, 75 Texas, 150.

*Jackson & Gordon,* for defendant in error.—Where a mistake is made in taxing costs it will not be ground for reversal on appeal unless brought to the attention of the trial court by motion to retax costs or in some other manner. Bridges v. Samuelson, 73 Texas, 523; Allen v. Woodson, 60 Texas, 653-654; Castro v. Illies, 11 Texas, 39 and 40.

The trial court has the power upon notice to correct a mistake in the judgment entry in the amount after the close of the term and even after an appeal is perfected or a writ of error sued out. De Hymel v. Scottish American Mortgage Co., 80 Texas, 493; Hickey v. Behren, 75 Texas, 495; Mark v. Brown, 42 Texas, 111; De Camp v. Bates, 37 S. W. Rep., 644; Ramsey v. McCauley, 9 Texas, 106; Sayles' Civil Statutes, art. 1357.

The power to correct the records exists in the lower court, not by reason of its continued jurisdiction over the subject matter but by virtue of its continuing power over its records. Hickey v. Behrens, 75 Texas, 495; Blum v. Neilson, 59 Texas, 380; Grier v. Powell, 14 Texas, 321; Sayles' Rev. Stats., art. 1024.

JAMES, Chief Justice.—The Park Bank & Trust Company sued and obtained judgment on a note against Blain as maker, and I. D. Polk and C. R. Reynolds as endorsers, the amount of the judgment which was rendered on March 1, 1905, being $59.51 in excess of the proper calculation of the note and interest. On July 20, 1905, an execution issued. On August 12, 1905, the defendants in the judgment filed their petition and supersedeas bond for writ of error, and citation was had thereon on August 16. After this, but before the transcript was taken out, the plaintiff in the judgment filed in the trial court a motion to reform the judgment in respect to said error. Notice was given of this motion on September 20, 1905, which was prior to the taking out of the transcript. On October 16, 1905, the motion was heard and the judgment corrected. The transcript was applied for on November 3, 1905, and includes the proceedings had on said motion.

Nevertheless the writ of error was prosecuted and the transcript brought here.

There can be no question under the settled decisions in this State as to the existence of the power of the trial court to correct its judgment as to an error in the calculation of the amount thereof, at any time prior to the action of the Appellate Court upon the judgment. (Ramsey v. McCauley, 9 Texas, 108; DeHymel v. Scottish American Mortgage Co., 80 Texas, 493; Marx v. Brown, 42 Texas, 111; Hickey v. Behrens, 75 Texas, 495.) Therefore the court committed no error in entertaining said motion.

It is also assigned that the court erred in its judgment on said motion in not taxing against plaintiff all the costs accruing after the date of the original judgment. The record does not disclose that anything was done in the trial court to have this matter remedied there. It is also a well settled rule in this State that a mistake of this kind with reference to adjudicating costs, will not be considered by the Appellate Court under such circumstances. (Valentine v. Sweatt, 34 Texas Civ. App., 139, and cases there cited.)

Plaintiffs in error rely upon the case of Pearce v. Tootle, 75 Texas, 148, in which case it appears that there was no order of the trial court correcting the judgment, but that plaintiffs in that case had simply filed a remittitur in the trial court. The opinion says: "The excess being evidently the result of an error in calculation, the judgment might have been amended upon motion in the court below." In the present case this was done, as the record before us shows.

The matter of the costs of the proceedings for correction of the judgment not being properly before us, there is no other error in the judgment of the District Court, as corrected, and it must be affirmed.

Defendant in error moves to affirm with damages, and we can assign no valid reason for denying the motion. (Marx v. Brown, 42 Texas, 111; Grier v. Powell, 14 Texas, 320.)

*Affirmed with damages.*