## GULF CASUALTY CO. v. TAYLOR.
### No. 2495.

Court of Civil Appeals of Texas. Beaumont.

Dec. 20, 1933.

Appellee's Motion for Rehearing Denied
Jan. 3, 1934.

Appellant's Motion for Rehearing Denied
Jan. 17, 1934.

416

Llewellyn & Dougherty, of Liberty, and Walter C. Clemons, of Houston, for appellant.

B. C. Johnson and Earle Adams, Jr., both of Houston, for appellee.

WALKER, Chief Justice.

This is a compensation case. Appellee, John R. Taylor, plaintiff below, was the employee, Gulf Pipeline Company of Texas, the employer, and appellant, Gulf Casualty Company, defendant below, the compensation insurance carrier. On the 27th day of May, 1931, appellee, in the regular course of his employment, while lifting a heavy timber, was injured by straining of the nerves, tendons, ligaments, muscles, and bones of his back. He was given immediate medical attention, but remained regularly on the pay rolls of his employer and received his regular monthly salary at the rate of $185 per month, the same amount paid him before his injury, until November 30, 1931, when, with many other employees, he was discharged. Appellee's injury was reported to his employer on May 27, 1931, and on June 5, 1931, his employer reported the injury to the Industrial Accident Board. On February 5, 1932, appellee executed his "notice of injury" and "claim for compensation" based upon the accident of May 27, 1931, which he filed with the Industrial Accident Board on February 9, 1932. As ground for "good cause" for not filing his claim with the Industrial Accident Board within six months after the occurrence of the injury, he pleaded that the doctors who treated him from time to time advised him that his injury was temporary; that he would soon recover; that it was not permanent; that by taking proper treatment he would get well, etc.; that he believed these representations and relied thereon until he was informed and led to believe that his injuries were permanent, whereupon he filed his claim. We quote as follows from the plea of good cause: "Plaintiff further alleges that good cause exists for his failure to file claim before the Board, in that, he was assured by the doctors, and believed and relied upon their assurances, that his injuries were only temporary, that he would soon recover and be able to do and perform the labors for which he was fitted until, on or about February 5, 1932, at which time he realized that his injuries were permanent."

The answer of appellant was by general and special demurrers, general denial, etc. The jury found the following facts: (a) On May 27, 1931, appellee sustained an injury while in the course of his employment with the Gulf Pipeline Company; (b) appellee suffered total permanent incapacity which began on December 1, 1931, as the result of that injury; (c) such total incapacity was not brought about "solely and proximately by causes other than injuries received by John R. Taylor on May 27, 1931"; (d) facts justifying a lump sum settlement. Question No. 2 submitted to the jury was as follows, answered as indicated. "Did plaintiff's belief of and reliance upon the doctors' assurances that his injury, if any, of May 27, 1931, would be temporary, and that he would soon recover, and that he would be able to do and perform labor, as alleged, cause him to delay filing his claim with the Industrial Accident Board until February 9, 1932?" To which the jury answered "Yes."

On the verdict, judgment was entered in favor of appellee for compensation for 401 weeks at $20 per week, payable in a lump sum.

■ By the first and second propositions appellant asserts that appellee failed to allege and prove facts sufficient to raise the issue of "good cause." This contention is overruled. Under the evidence, from the time appellee was injured up until just before he filed his claim with the Industrial Accident Board, he was advised by his attending physicians that his injury was temporary and not permanent, that he would recover under the treatment that was given him, and, though he was in constant pain from the date of his injury up to the time he filed his claim, his testimony was that he believed these statements, and, relying thereon, did not file his claim with the Industrial Accident Board. These facts were pleaded by appellee, and we think thereby the issue of good cause was duly raised. New Amsterdam Casualty Co. v. Scott (Tex. Civ. App.) 54 S.W.(2d) 175, 176 (writ refused).

■ The third proposition is that, over appellant's objections, the trial court refused to submit the issue of good cause. The only submission made was by question No. 2, above. Appellant excepted to issue No. 2 "for the reason that such issue, if answered in the affirmative, still does not in law show good cause for plaintiff's failure to file his claim, if any he had, within six months from and after May 27, 1931, as required by law." Question No. 2 did not carry to the jury the issue of good cause which appellee was required to sustain in order to support a recovery against appellant. "Good cause" is a question of fact to be submitted to the jury for an affirmative finding. The jury found by question No. 2 that the doctors assured appellee that his injury was temporary, that he would soon recover and be able to perform labor, and that appellee's reliance upon these representations caused him to delay filing his claim until February 9, 1932. But this question did not carry to the jury whether the facts thus found constituted good cause, as that issue was defined by this court in Con-

solidated Underwriters v. Seale, 237 S. W. 642. We there held that all that is required of an injured employee is that he prosecute his claim for compensation with that degree of diligence that an ordinary man, situated as he was, would have exercised under the same or similar circumstances. If an ordinary man, situated as appellee was, would not have given notice, this claim is not barred. New Amsterdam Casualty Co. v. Scott, supra, fully sustains our construction of question No. 2.

 In answer to appellant's propositions of good cause, appellee's counter proposition is that this issue was not in the case, citing, Texas Employers' Ins. Ass'n v. Wonderley (Tex. Civ. App.) 16 S.W.(2d) 386, and Texas Employers' Ins. Ass'n v. Fricker (Tex. Civ. App.) 16 S.W.(2d) 390, 395. In the last case, writ of error refused, the Amarillo Court of Civil Appeals said: "The incapacity of the defendant, not having developed until May 20, 1927, and the claim having been filed with the Industrial Accident Board within six months from that date, there was no reason to require a showing of 'good cause.' In law there had been no delay, for the defendant could not have filed a claim for compensation until his incapacity warranted such compensation. In other words, the law would not require the claimant to file a claim at a time when he was not entitled to compensation."

The answer to appellee's counter proposition is that this issue was not pleaded by him. In the lower court he pleaded only the issue of good cause and attempted to have that issue submitted by question No. 2. Appellee's pleadings bring him within the rule announced in New Amsterdam Casualty Co. v. Scott, supra, reversed because of error in submitting the issue of good cause. In answer to the assignment upon which the judgment of the lower court was reversed, appellee urged the proposition now advanced by appellee in this case. Answering that contention, the court said: "We are not called upon to discuss same, for the reason that it is not the theory upon which the case was pleaded, tried, and submitted in the court below. No rule of appellate procedure is better established than that parties are restricted in the appellate courts to the theory on which the case was tried in the lower court."

We overrule appellant's proposition that the evidence was insufficient to raise the issue of total permanent incapacity. This issue was abundantly supported by the testimony offered by appellee, by his doctors, his friends, and associates, and the men who had worked with him long before his injury and during the time of his employment after the injury, and of facts showing a continuing disability up to the very day of the trial.

 There is no merit in the assignment against the following argument by appellee's counsel: "And they tell you that maybe, maybe what is the matter with John is that he had bad tonsils, and that has caused all his trouble. God save the Queen. If you want to find out whether or not you have got bad tonsils or whether or not there is some other latent ailment, just get into the hands of an insurance company and try to get a few of their paltry dollars a week, and, bless you, they will show it to you."

This argument was duly excepted to by appellant, whereupon the court instructed the jury: "You will not consider that argument. I don't think it is supported by the evidence." The following qualification to the bill, in connection with the court's charge to the jury, rendered it harmless: "Mr. Dougherty, counsel for defendant, in his argument preceding that complained of, had urged the fairness of the insurance company and argued that John Taylor had testified that he was paid for a previous injury by an insurance company."

For the errors discussed, the judgment of the lower court is reversed, and the cause remanded for a new trial.

Reversed and remanded.