## AMERICAN MUT. LIABILITY INS. CO. v. WEDGEWORTH.

### No. 10964.

Court of Civil Appeals of Texas. Galveston.
April 4, 1940.

Rehearing Denied May 9, 1940.

214

Baker, Botts, Andrews & Wharton and Albert P. Jones, all of Houston, for appellant.

Collins, Pate, Hatchell & Garrison and Pitser H. Garrison, all of Lufkin, for appellee.

GRAVES, Justice.

This general statement adopted by the appellee as being substantially correct, is taken from the appellant's brief:

"This is a suit for compensation under the Workmen's Compensation Act of Texas. It arose out of an injury alleged to have been sustained by appellee on March 10, 1937, while he was employed by National Supply Company of Delaware in Houston, Harris County, Texas. Claim for compensation was filed with the Industrial Accident Board on January 31, 1938. The Board rendered an award on April 22, 1938, denying the claim on the ground that appellee had failed to show good cause for the delay in filing it. An appeal from the award was taken by appellee to the district court of Harris County on May 23, 1938.

"In his trial pleading appellee alleged that he was injured on March 10, 1937, while in the course of his employment by National Supply Company of Delaware; that his injury had totally disabled him from work since the date of the accident and that his disability was permanent; that he was entitled to recover compensation from appellant at the rate of $20 per week for 401 weeks; that in presenting his claim to the Industrial Accident Board and in perfecting his appeal from the adverse award, he had complied with all of the jurisdictional requirements prescribed by the Compensation Law, except with respect to the filing of claim for compensation; and that he had good cause for failing to file his claim with the Industrial Accident Board up until the time it was actually filed. At the trial appellee sought to excuse his failure to file his claim for compensation prior to January 31, 1938, on the ground that until a few days before that date, he did not realize the seriousness of his condition and believed until on or about

January 28, 1938, that his injury was trivial and would result in no physical incapacity.

"Appellant's pleading contained a general demurrer, a general denial of the allegations contained in the plaintiff's petition, and a verified denial of the claim that plaintiff had a good cause for failing to file his claim for compensation before January 31, 1938.

"The cause came on for trial on the 20th day of March, 1939, in the 80th Judicial District Court of Harris County. At the conclusion of the introduction of testimony, appellant moved for a directed verdict in its favor. The motion was denied and an exception duly noted. The case was submitted to the jury on special issues. In brief, the verdict contained the following findings:

"(1) That appellee sustained an injury to his left leg on March 10, 1937, while in the course of his employment by National Supply Company of Delaware.

"(2) That the injury had naturally affected or involved other portions of appellee's body.

"(3) That the injury produced total incapacity, which began on January 28, 1938, and that such total incapacity is permanent.

"(4) That the total incapacity was not temporary and that appellee had not and would not sustain any partial incapacity.

"(5) That there was another employee of the same class as J. L. Wedgeworth who worked substantially the whole of the year immediately preceding March 10, 1937, in the same or similar employment as that in which Wedgeworth was engaged when said injury was sustained by him, in the same or a neighboring place to that where he sustained such injury, and that the average daily wage of such an employee was $9.20 per day.

"(6) That manifest hardship and injustice would result to appellee if compensation were not paid in a lump sum.

"(7) That until on or about January 28, 1938, appellee believed that the injury sustained by him on March 10, 1937, was trivial and would result in no physical incapacity, that a reasonable prudent person similarly situated would have entertained such a belief, that his belief was the cause of the delay in filing the claim for compensation until January 31, 1938, that appellee relied on this belief, and that a reasonably prudent person similarly situated would have delayed the filing of claim for compensation until January 31, 1938.

"(8) That the incapacity of appellee was not solely confined to his left leg below the knee.

"(9) That the incapacity of appellee was not caused solely by disease or other bodily conditions having no connection with the injury sustained by him on March 10, 1937.

"After the verdict was received and ordered filed, appellant moved for judgment in its favor notwithstanding the verdict. Counsel for appellee were duly notified in advance of the intention of counsel for appellant to file said motion and executed a proper waiver of further service. This motion was denied, and an exception duly reserved. Appellee moved for judgment in his favor on the verdict. In response to this motion, judgment was entered on April 3, 1939, in favor of appellee for the total sum of $6,286.26, representing lump sum payment of weekly benefits of $20 per week for the period of 355 weeks from and after January 28, 1938. Appellant duly excepted to the entry of this judgment."

Appellant inveighs here against that determination below through thirteen propositions of law; in different forms the first six of them declare in ultimate purport that the evidence showed, as a matter of law, that the appellee did not have a good cause for failing to file his claim for compensation within the six months required by R.S. Article 8307, section 4a, and could not reasonably have believed that he did have one, as the court and jury found the facts to be on those two material features of the cause; they do not raise the different question of whether such findings were so against the overwhelming preponderance of the evidence as to be clearly wrong. The next three assert it to have been—for differently stated reasons—reversible error for the trial court to have submitted, over appellant's objections, special issues Nos. 34, 34a, 35, and 36, or any others of like import, inquiring whether the appellee reasonably believed until on or about January 28, 1938, "that his injury was trivial and would result in no physical incapacity, whether such belief constituted good cause for failing to file a claim for compensation until January 31, 1938, and whether a reasonably prudent person similarly situated would have relied on such belief, because the testimony of appellee, as well as that of his own witnesses, showed that he, pursuant to orders of his

personal physician, laid off from work the latter part of May, 1937, stayed at home for about sixty days resting his leg and taking medicine, went back to work the latter part of July, and, after two or three weeks at work, quit a second time, and then returned home where he was unable to work and did not work, because such circumstances showed a disability which began long before January 28, 1938, and which precluded belief of triviality of injury as a good cause for delaying the filing of claim for compensation until January 31, 1938."

The last three of such propositions present that there was prejudicial error in the court's refusal to submit appellant's specially-requested issues Nos. 2 and 3, or at least similar ones, inquiring in effect whether the appellee knew he was unable to work within a month after he returned to his home from Houston in August of 1937, and whether he could have ascertained, by the exercise of ordinary care, the fact that he was disabled to perform some of the duties of his regular employment prior to January 28 of 1938.

After careful consideration of the record, it is determined that none of these contentions should be sustained; as concerns the first group of them so asserting that as a matter of law the verdict was without any support in the evidence, there appears to this court to have been a sort of mixing of metaphors upon appellant's part; that is, in so, first, moving on the trial for a directed verdict at the conclusion· of the testimony, and, second, for judgment in its favor notwithstanding the verdict the jury had returned, it apparently confuses testimony relating to the appellee's sufferings of pain and physical inconvenience during the whole of the period from the date of his injury to January 28 of 1938, with what there was dealing with any loss of or reduction in his earning-capacity.

■ Indeed, under the testimony upon these two features—that is, as to whether he had a good cause and reasonable belief that he had it for delaying the filing of his claim as he did—of the appellee himself, as corroborated by that of Dr. Denman, it is not easy to see how such claim can be well founded; in order to support the position that the evidence showed the verdict unsupported as a matter of law, the rule on appeal is that only the testimony favorable to the verdict, discarding all that was adverse, should be considered. Haskins v. Panhandle, & S. F. R. Co., Tex. Civ.App., 89 S.W.2d 831; Missouri-K.-T. Ry. Co. v. Cunningham, 118 Tex. 607, 23 S.W.2d 343, 352; Jones v. Jones, Tex.Civ. App., 41 S.W.2d 496; Williams & Chastain v. Laird, Tex.Civ.App., 32 S.W.2d 502; Frazier v. Hanlon Gasoline Co., Tex. Civ.App., 29 S.W.2d 461; Clutter v. Wisconsin-Texas Oil Co., Tex.Civ.App., 233 S.W. 322, error refused; Young v. Blain, Tex.Com.App., 245 S.W. 65;· New St. Anthony Hotel Co. v. Pryor, Tex.Civ.App., 132 S.W.2d 620, writ refused; Austin Fire Ins. Co. v. Adams-Childers Co., Tex.Com. App., 246 S.W. 365; Rose v. O'Keefe. Tex. Com.App., 39 S.W.2d 877; Herd v. Wade, Tex.Civ.App., 63 S.W.2d 253, writ refused; .Saltmount Oil Corp. ·v. Imperial, Tex:Civ. App., 98 S.W.2d 418; Walker County Lumber Co. v. Sweet, Tex.Civ.App., 40 S. W.2d 225, writ dismissed; Williams v. National Bank, Tex.Civ.App., 62 S.W.2d 1108, reversed on other grounds, 125 Tex. 619, 84 S.W.2d 691.

■■ This court is unable. to find or hold that there was in law no support for the jury's findings, in effect, that the appellee did have good excuse up to January 31, 1938, for not filing his claim sooner and a belief until on or about January 28 of that same year that his injury would not result in physical incapacity; at great length, and under repeated examinations by counsel for both sides, he testified that his injury at first was of a minor nature that had no disabling effect upon him, he suffering a slight abrasion and bruising of the skin and muscles of his leg, which did not interfere with his work; that the doctor at that time so told him—that is, that there was no necessity for his laying off work, as the injury would amount to nothing, and he would recover from it without any disabling effects; that at all times following the injury, when he worked, it was for the same company, operating the same machine, doing the same work, earning the same wages, and that at no time from March 10 of 1937, until January 27 or 28 of 1938, was he actually disabled as a result of his injury; he added that he could have worked any time from such date of his injury until the latter part of the following January, had he deemed it necessary, and that testimony was properly evidentiary of his physical condition, Standard Accident Ins. Co. v. Williams, Tex.Civ. App., 4 S.W.2d 1023, affirmed, Tex.Com. App., 14 S.W.2d 1015, and authorities cited;

19 Tex.Jur., pp. 354, 355, and authorities there cited; that he did not realize, until his condition gradually and progressively grew worse and his leg began to swell, with the veins beginning to spread, late in January of 1938, that it was serious; that then, after Dr. Denman had, along about that date, advised him that his condition was serious, and for the first time, he realized that he had become and would henceforth be incapacitated; that he thereupon immediately filed his claim for compensation the next day.

Dr. Denman, shown to have been a highly reputable, experienced, and qualified physician, corroborated the appellee's testimony to the full extent of his treatment and examinations of him, he having first met and examined him at his office some time in January of 1938; while, obviously, he had not been acquainted with the previous course of the appellee's condition, he testified, from the standpoint of an expert, that the appellee's incapacity, as he found it upon this first examination of him, could very likely have been existent only for a short period of time; that it could have and probably did develop many months after the accident the appellee testified to having happened to him on March 10, 1937. The appellee himself, in consonance with what Dr. Denman testified may have been the antecedent course of the condition he found the appellee in on first examining him, thus summarized how and why he came to file his claim, in answer to cross-examination by appellant's counsel: "The reason I did not file a claim I did not know I was hurt, that I was as bad as I was, and I decided the day to file the claim when I determined I was not able to go back to work. I did not file a claim for compensation because I did not realize I was hurt. That is the reason I did not file it. If I had realized I was bad off before that time, I would have filed it. I did not file it because I did not realize it. As soon as I realized it I went ahead and filed my claim."

■ As indicated supra, this court finds no testimony that may constitute a blackout of that thus quoted, and none anywhere to a loss of or a reduction in the "earning-capacity" of the appellee prior to January of 1938, which is the only thing made compensable by the statute, there being none allowed for pain and suffering. Texas Employers' Ins. Co. v. Clark, Tex. Civ.App., 23 S.W.2d 405, writ dismissed;

Indemnity Ins. Co. v. Williams, Tex.Civ. App., 69 S.W.2d 519; Holloway v. Texas Indemnity Ins. Co., Tex.Com.App., 40 S. W.2d 75; New Amsterdam Casualty Co. v. Scott, Tex.Civ.App., 54 S.W.2d 175, writ refused; Dissenting opinion, Mr. Justice Graves, American Indemnity Co. v. Boatner, Tex.Civ.App., 86 S.W.2d 239; Traders & General Ins. Co. v. Wright, Tex. Civ.App., 95 S.W.2d 753, approved by Supreme Court, 132 Tex. 172, 123 S.W.2d 314; Safety Casualty Co. v. Walls, Tex. Civ.App., 117 S.W.2d 879, writ dismissed.

■ If, therefore, these two challenged findings are to stand, it follows that the facts thereby established show good cause extending up to January 31 of 1938 for the appellee's failure to file his claim with the Accident Board sooner than he did, and that his right to compensation for the total incapacity the jury otherwise found he had suffered did not begin, under the statute, until the eighth day following January 28 of 1938; Jones v. Texas Employers Ins. Ass'n, 128 Tex. 437, 99 S.W. 2d 903; R.S. Article 8306, Section 6.

■ It follows further, as a corollary to these conclusions upon appellant's first six propositions, that its last four fall also, because the same vice inhered in both its specially-requested issues Nos. 2 and 3 that ran through its initial contention that the whole evidence showed as a matter of law that appellee neither had good cause for delaying the filing of his claim, nor reasonable belief that he had one; in that they both assumed as undisputed facts what the evidence was at least in dispute over—No. 2, that he knew he was unable to work within a month after he returned home to Laneville in August of 1937, and No. 3, that he could have ascertained the fact that he was unable to perform some of the duties of his regular employment prior to January 28 of 1938, by the exercise of ordinary care; in these circumstances, it seems clear that such requested issues were properly refused. Harris v. Thornton's Dept. Store, Tex.Civ.App., 94 S.W.2d 849; Traders & General Ins. Co. v. Weatherford, Tex.Civ.App., 124 S.W. 2d 423; Traders & General Ins. Co. v. Ray, Tex.Civ.App., 128 S.W.2d 80; Cisco Ry. Co. v. McCharen, Tex.Civ.App., 118 S.W.2d 844; Miller v. Fenner, Tex.Civ. App., 89 S.W.2d 506; Edwards v. Gifford, Tex.Civ.App., 132 S.W.2d 155; Jefferson Standard Life Ins. Co. v. Curfman, Tex. Civ.App., 127 S.W.2d 567.

It is further thought these issues were objectionable for other reasons, since the objective thereof appears to this court to have been both immaterial and evidential, in view of the conclusion above stated, that a good cause for appellee's delay—as a matter of law—properly flowed from the verdict in his favor on the issues the court did submit.

██ Recurring to appellant's second insistence—that the court erred in submitting its special issues 34 to 36, inclusive, inquiring as to whether appellee believed, until about January 28 of 1938, that he would not suffer physical incapacity from his injury, that a person of ordinary prudence in the same situation would have so believed, and that such belief was a cause of his having delayed the filing of his claim. What has already been said determines this feature also adversely to it; the objections made to these issues submitted by the court merely added details to appellant's opposing theory of the cause to that upon which it was submitted to the jury in the given issues. These inquiries by the court required the jury to find whether or not the appellee—in good faith and upon substantial and reasonable grounds—entertained the belief at all times from March 10 of 1937, the date of his injury, to January 28 of 1938, the date he learned through Dr. Denman and otherwise of the apparent hopelessness of his physical condition, that his injury was not serious and that he would suffer no physical incapacity as a result thereof. In this court's opinion, under the pleadings and developed facts, that was the correct theory, even though some of these issues now under consideration appear to have been immaterial, since, as concluded supra, a finding that the appellee did not before know of the serious nor permanent character of his injury and suffered no incapacity before January 28 of 1938, was sufficient anyway to establish in law a good cause for his failure to have sooner than January 31 of 1938 filed his compensation claim; see Jones v. Texas Employers Ins. Ass'n, 128 Tex. 437, 99 S.W.2d 903, supra.

However, whether or not they were all necessary, the submission of these inquiries clearly did not harm the appellant, nor were they subject to the objections it made, which merely emanated from and were expressive of its previously-stated theory that the appellee, under the facts as a whole, was conclusively shown to have had no such cause for delay nor any such reasonable belief that he did have.

The authorities already cited are thought to furnish sufficient support for this view. Further discussion is deemed unnecessary, since these conclusions determine the merits of the appeal; they require an affirmance of the trial court's judgment; it will be so ordered.

Affirmed.

## On Appellant's Motion for Rehearing.

Appellant's able and earnest motion for rehearing, supplemented by a second argument in support thereof, citing the Supreme Court's opinion in Texas Employers' Insurance Association v. G. A. Roberts. 139 S.W.2d 80, has been carefully considered.

The cited opinion in the Roberts case, in this court's opinion, supports its holding upon original hearing in this cause; indeed, the Supreme Court did not grant the writ-of-error in the first instance, nor in the second reverse the Roberts case, upon the issue therein raised as to whether he had shown good cause for not sooner filing his claim—on the contrary, it held that Roberts had—under both pleadings and proof—sufficiently sustained his position that he did have such good cause; it is this court's conclusion that the facts in the present case make out a stronger basis for holding this appellee to have sufficiently raised the issue of his having had a good excuse for not sooner filing his claim than did those in the Roberts case.

Wherefore, a further discussion being deemed unnecessary, the motion for rehearing will be refused.

Motion refused.