## MARTIN v. TRAVELERS INS. CO.

### No. 11791.

Court of Civil Appeals of Texas. Galveston.

July 11, 1946.

Rehearing Denied Oct. 3, 1946.

James V. Allred and Devereaux Henderson, both of Houston, for appellant.

James W. Mehaffy, of Houston (Baker, Botts, Andrews & Wharton, of Houston, of counsel), for appellee.

MONTEITH, Chief Justice.

This is an appeal from a judgment denying appellant, Ottie C. Martin, Workmen's Compensation benefits for injuries alleged to have been received by him in the course of his employment with the Houston Shipbuilding Corporation which carried compensation insurance with appellee, Travelers Insurance Company.

In answer to special issues submitted a jury found that appellant was totally incapacitated as a result of an accidental injury to his heart sustained in the course of his employment with the Houston Shipbuilding Corporation and that such total incapacity was permanent and was due solely to such injury.

The jury found that in February of 1944 plaintiff was first told that he had a heart

condition which was probably caused by an accidental injury; that a person of ordinary prudence, under the same or similar circumstances, in the exercise of ordinary care, would not have ascertained the facts surrounding his heart condition before appellant did and that a person of ordinary prudence under the same or similar circumstances would not have filed his claim before the Industrial Accident Board before May, 1944.

The trial court rendered judgment notwithstanding the jury's verdict denying relief to appellant, holding that he had not shown good cause for failure to file his claim with the Industrial Accident Board within the six months period provided by statute after the occurrence of his injury.

It is undisputed that appellant sustained accidental injuries by falling into a manhole while engaged in the capacity of metal straightener at the Houston Shipbuilding Company's plant. He was treated for minor injuries at the Company hospital, but made no claim for compensation for his injuries at that time and continued working at the plant until March 15, 1944. He filed his claim for compensation benefits with the Industrial Accident Board on May 25, 1944.

It is agreed by the parties that the sole issue presented in the appeal is whether there is sufficient evidence in the record to support the jury's finding that appellant had shown "good cause" for his failure to file his claim with the Industrial Accident Board within the six-months' period provided by statute and until his claim was actually filed with the Board.

The grounds relied upon by appellant as constituting "good cause" for his delay in filing his claim with the Board for a period of approximately 18 months after the occurrence of his injury were, in substance, that he had been advised by physicians on whom he relied that his condition was due to rheumatism and to heart trouble caused by syphilis and that he was not advised definitely until shortly before he filed his claim with the Industrial Accident Board that his condition was due to the injuries received by him on November 12, 1942. He alleged that he had relied upon this advice and that but for such reliance thereon he would have

taken steps to learn and would, in all probability, have learned much sooner that his condition and disability was caused by the injuries received in said fall, and that he would then have filed his claim with the Industrial Accident Board without delay.

Section 4a of Article 8307, Vernon's Ann. Civil Statutes, provides that no proceeding for compensation for injury under the Workmen's Compensation Act shall be maintained unless a claim for compensation therefor shall have been made within six months after the occurrence of the injury, but that " * * * for good cause the board may, in meritorious cases, waive the strict compliance with the foregoing limitation as to * * * the filing of the claim before the board."

 It has been uniformly held by the courts of this state that the test for "good cause" for delay in filing a claim before the Board is that of ordinary prudence; that is, whether the injured employee had prosecuted his claim for compensation with that degree of diligence that an ordinarily prudent person would have exercised under the same or similar circumstances, and that the question as to whether he had exercised such degree of diligence has been ordinarily held to be a question of fact. It has been uniformly held, however, that where the evidence, taken most strongly in favor of plaintiff, admits of but one reasonable conclusion, negativing "good cause", the question becomes one of law. Great American Indemnity Co. v. Beaupre, Tex.Civ.App., 191 S.W.2d 883; LaCour v. Continental Casualty Co., Tex.Civ.App., 163 S.W.2d 676, writ refused for want of merit; Texas Indemnity Ins. Co. v. Cook, Tex.Civ.App., 87 S.W.2d 830, writ refused; Maryland Casualty Co. v. Merchant, Tex.Civ.App., 81 S.W.2d 794; Texas Employers Ins. Ass'n v. Roberts, 135 Tex. 123, 139 S.W. 2d 80.

 In the case of Consolidated Underwriters v. Pruitt, Tex.Civ.App., 180 S. W.2d 461, 464, the court in its opinion said: "The law is well settled in this State that the bona fide belief of the claimant that his injuries are not serious is sufficient to constitute the good cause provided by the statute for not filing his claim within the six

months therein specified. It has been held a number of times by our courts that the advice of a physician to the effect that injuries are not of a serious nature but are temporary and trivial is sufficient to show good cause for the delay in filing a claim where it is shown that the claimant believed and relied upon the statements made by the physicians. Texas Employers' Ins. Ass'n v. Roberts, 135 Tex. 123, 139 S.W.2d 80; Gulf Casualty Co. v. Taylor, Tex.Civ.App., 67 S.W.2d 415; Texas Employers' Ins. Ass'n v. Clark, Tex.Civ.App., 23 S.W.2d 405; Texas Employers' Ins. Ass'n v. Fowler, Tex.Civ.App., 140 S.W.2d 545; American Mut. Liability Ins. Co. v. Wedgeworth, Tex.Civ.App., 140 S.W.2d 213."

The facts in this case are analogous with the facts in the cases cited. Appellant testified, in substance, that in February, 1944, he was told that he had a heart condition probably due to the accidental injuries he had received on November 12, 1942, but that he was later advised by a number of physicians, some of whom were employed by the Shipbuilding Company and others by appellee, Insurance Company, that the discomfort and shortness of breath from which he was suffering was due to rheumatism and not to his accidental injuries; that Dr. Horace Feagan, who was employed by appellee Insurance Company and who treated him for several months in the earlier part of 1943, told him that the injury sustained by him had nothing to do with the discomfort he was suffering, and advised him to have his teeth extracted. He testified that it required more than a year to have his teeth extracted and to secure dentures and that his condition became worse instead of better. In the latter part of April, 1944, he was examined at the Scott & White Clinic in Temple, Texas, and was advised by them that his trouble was due to a heart condition caused by syphilis. After May 10, 1944, he was definitely advised that his disability was due to the accident of November 12, 1942, and on May 15, 1944, he employed an attorney who filed his claim for compensation with the Industrial Accident Board on May 25, 1944.

Under the above authorities the jury was entitled to form their own conclusions from the evidence as to whether appellant relied upon the advice given him by the physicians with reference to his physical condition and, it having found in answer to issues submitted, that a person of ordinary prudence under similar circumstances, in the exercise of ordinary care, would have ascertained these facts and would have been influenced thereby in delaying the filing of his claim with the Industrial Accident Board, we think that the court erred in finding as a matter of law that appellant had not shown good cause for his delay in the filing of his claim with the Board.

It follows that, the record having been fully developed, the judgment of the trial court must be reversed and judgment here rendered in favor of appellant and against appellee, Travelers Insurance Company, in accordance with the jury's verdict, as for a total permanent disability for a period of 244 weeks, beginning November 13, 1942, at the rate of $20 per week.

Reversed and rendered.