**TEXAS EMPLOYERS' INS. ASS'N v. PORTLEY.**

No. 3019.

Court of Civil Appeals of Texas. Eastland.

May 15, 1953.

Rehearing Denied June 5, 1953.

Burford, Ryburn, Hincks & Ford, Dallas, for appellant.

White & Yarborough, Dallas, for appellee.

LONG, Justice.

Jacob Portley instituted this suit against Texas Employers' Insurance Association to recover under the benefits of the workmen's compensation statute. Vernon's Ann.Civ. St. art. 8306 et seq. The trial court, based upon the verdict of the jury, rendered judgment for Portley for total and permanent disability. From this judgment the insurance company has appealed.

Appellee pleaded that he sustained an accidental personal injury to his right foot while in the course of his employment for the Interurban Cafe in Dallas, in March, 1950; that such injury was the exciting, aggravating or producing cause of cancer that spread through his body and culminated in his total disability on or about February 19, 1951. Appellee filed his claim for compensation on March 29, 1951, more than six months after the date of his injury. Appellee has alleged that as good cause for failure to sooner file his claim, he thought he was going to be all right and did not realize the seriousness of his injury. He further alleged that his injury did not incapacitate him from work until the latter part of February, 1951; that after his incapacity began he was physically unable to file his claim sooner than he did.

The jury found (1) that appellee believed his injury was not serious and that his condition would improve; (2) that he continued to believe his injury was not serious and his condition would improve up until February 19, 1951; (3) that his belief that his injury was not serious was the cause of his failure to file his claim for compensation with the Industrial Accident Board up until February 19, 1951; (4) that immediately after February 19, 1951, the incapacity of appellee prevented him from filing his claim for compensation; (5) that such incapacity continued to prevent appellee from filing his claim for compensation until March 29, 1951; (6) that the matters inquired about in the foregoing special issue constituted good cause for appellee's not filing his claim for compensation sooner than March 29, 1951. The jury found that appellee's incapacity began on February 19, 1951.

■ Appellant, in various ways, attacks the sufficiency of the evidence to support the issues of good cause. It contends there is no evidence to support the findings of the jury, or at least the evidence is insufficient. When a claim for compensation is not filed within the statutory period of six months, the good cause for failure to so file must continue to the date when same is actually filed. The term "good cause" for not filing a claim for compensation is not defined in the statute but the test for its existence is whether the claimant prosecuted his claim with that degree of diligence that an ordinarily prudent person would have exercised under the same or similar circumstances. Whether the claimant has used this degree of diligence is a question of fact. It may be determined against claimant as a matter of law only when the evidence construed in its most favorable light for the claimant admits of no other reasonable conclusion. Martin v. Travelers Ins. Co., Tex.Civ.App., 196 S.W.2d 544; Great American Indemnity Co. v. Beaupre, Tex.Civ.App., 191 S.W.2d 883; Lacour v. Continental Casualty Co., Tex.Civ.App., 163 S.W.2d 676; Texas Indemnity Ins. Co. v. Cook, Tex.Civ.App., 87 S.W.2d 830 (Writ Ref.); Hawkins v. Safety Casualty Co., 146 Tex. 381, 207 S.W.2d 370.

■ When the evidence is viewed in its most favorable light to appellee, which we are required to do, it is sufficient, in our opinion, to sustain the finding of the jury that good cause existed for the failure of appellee to sooner file his claim for compensation.

In March, 1950, and for several years prior thereto, appellee was employed as a cook at the Interurban Cafe in Dallas. In March, 1950, he stepped into a drain in the kitchen and sustained an injury to his heel. Appellee testified that when he stepped into the drain his foot started to bleed and he washed it off. Another employee of the cafe put a first-aid bandage on his heel. Appellee worked the remainder of that day and the next day. About three days after the accident appellee went to see Dr. Mayes, a foot doctor. The doctor dressed his foot but it and his leg swelled to such an extent that appellee went to Dr. Watts, a medical doctor. Dr. Watts treated appellee about three weeks and his foot almost healed.

At that time, appellee returned to his work. There is no evidence from any of the doctors that when the injury was first sustained there was any indication that it would result in a cancer. Appellee continued to work at the Interurban Cafe doing the same work that he had prior to his injury until February 19, 1951, at which time his employer advised him that he thought he should quit work and consult a doctor. It is true that throughout the period from the time appellee returned to work until he quit in February, 1951, he suffered considerable pain. He was unable to walk from his home to the car line and was compelled to ride in a taxicab to and from his work. It is undisputed that appellee did the same kind of work during all this time that he had been doing prior to his injury. The injury he sustained to his heel was of such a nature that its seriousness was not necessarily apparent to him. He testified that he thought he was going to be all right. It is reasonable to conclude from the evidence that appellee did not realize the seriousness of his condition because his injury did not incapacitate him from work and was not of such a nature as to lead him to believe it was serious. It is true that after appellee quit work and went to a doctor, it became necessary to amputate his leg at the hip. The evidence was sufficient to sustain the findings of the jury that appellee did not believe his condition serious until February 19, 1951, and that his incapacity immediately following that date prevented him from filing his claim. A reasonable time should be allowed for filing a claim after seriousness of injury has been suspected or determined. Hawkins v. Safety Casualty Co., supra.

We have concluded from the record that at the time of the trial, appellee was in a serious condition. The jury had a right to believe that this man who sustained just a bruise to his heel would not believe that such injury would result in a cancer and the loss of one of his limbs. The jury had an opportunity to see and hear the witnesses and it was its prerogative to pass upon their credibility and the weight to be given

their testimony. Although we find there are many facts in the case that might lead a jury to believe that appellee was not diligent in filing his claim, yet we do not feel justified in overturning the verdict of the jury. The points of error raised by appellant complaining of the insufficiency of the evidence and the want of evidence to support the findings of the jury are, therefore, overruled.

By points 5 and 6, appellant contends the evidence is insufficient to support the finding of the jury that appellee sustained an accidental injury. It was the theory of appellant that the disability of appellee was caused by a chronic irritation of his foot by a nail or tack in his shoe. The court submitted to the jury issues as to the extent and duration of appellee's disability and as to whether the same was caused by a nail or tack in his shoe. The jury answered these issues in favor of appellee. We do not deem it necessary to set out the facts but we have concluded that they are sufficient to support the findings of the jury on these issues. Points 5 and 6 are, therefore, overruled. We cannot say that the evidence to the contrary is so overwhelming that we should set aside the verdict.

Issue three submitted to the jury was as follows:

"Do you find from a preponderance of the evidence that the effects of such injury, if any you have found, in answer to special issue No. 1 extended to or affected the body of Jacob Portley generally?"

Appellant makes the contention that the above issue should have inquired whether "the effects of such injury extended to and affected the body of Jacob Portley generally." We believe the issue submitted was proper and the ultimate issue of fact. Lumbermen's Mutual Cas. Co. v. Zinn, Tex. Civ.App., 220 S.W.2d 906 (Writ Ref.).

All points of error have been carefully examined and we find no reversible error in any of them.

The judgment of the trial court is affirmed.